IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**NEVADA PARTNERS FUND, LLC**                                                           **PLAINTIFF**

**VS.**                                                           **CIVIL ACTION NO. 3:06cv379-HTW-MTP**
                                                                                  **(and ten consolidated cases)**

**UNITED STATES OF AMERICA**                                                    **DEFENDANT**

<u>**ORDER**</u>

This matter is before the court on the Motion to Compel [57] filed by the plaintiff requesting the court to compel disclosure of certain documents withheld by the defendant. The court, having reviewed the submissions of the parties and the documents produced to the court for an *in camera* inspection, is not convinced that the parties have conferred in good faith in an effort to resolve the discovery disputes at issue in the Motion [57].[1] Accordingly, before the court invests a significant amount of time and resources to resolve issues that could likely be resolved or narrowed by a good faith conference, the court will require the parties to meet in person for a good faith conference within ten days. *See* Fed. R. Civ. P. 37; Local R. 37.1 (stating that "all counsel shall be under a duty to confer in good faith to determine to what extent the issue in question can be resolved without court intervention").

IT IS, THEREFORE, ORDERED:

1. That the parties shall meet in person for a good faith conference within ten days

---

[1] Indeed, in its Memorandum [70] in opposition to the plaintiff's motion to compel, the defendant complains that certain issues have not been fully addressed and could possibly be resolved without court intervention. *See* Memorandum [70] at p. 5, n. 5; p. 22, n. 31. In addition, after a lengthy telephonic discovery conference conducted this day with the parties, it became clear that, in some instances, the parties were not even sure over what discovery matters are really at issue.

1

to discuss <u>all</u> pending discovery issues, including all the discovery issues raised in the plaintiff's motion to compel [57];

2. That if the parties are unable to agree on a time and date for the good faith conference, they shall contact the undersigned by February 5, 2008, and the undersigned will set a time and date for the conference;

3. That the parties are to submit a joint written report to the undersigned on or before February 15, 2008, covering all pending discovery issues, including all the discovery disputes at issue in the plaintiff's motion to compel, specifically outlining the issues the parties were able to resolve at the conference, and the issues that need to be resolved by the court;

4. Through its responses and correspondence, the defendant has indicated that additional privilege logs and documents will be sent to the court for an *in camera* review. However, the court cannot address the issues in this piecemeal fashion. Accordingly, all such documents and privilege logs relating to any issues left unresolved after the good faith conference shall be sent to the undersigned by February 15, 2008, so this matter may proceed without undue delay.

SO ORDERED AND ADJUDGED this the 1st day of February, 2008.

s/ Michael T. Parker
United States Magistrate Judge