IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**NEVADA PARTNERS FUND, LLC**                                                   **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO. 3:06cv379-HTW-MTP**
                                                                   **(and ten consolidated cases)**

**UNITED STATES OF AMERICA**                                                 **DEFENDANT**

**ORDER ON MOTION TO COMPEL**

This matter is before the court on the Motion to Compel [95] filed by the United States of America ("the government") wherein the government demands the production of certain records from the Baker Donelson law firm ("the law firm"). The documents were sought via a subpoena duces tecum [95-2] to which the law firm responded.

The law firm produced some of the requested records, but objected to producing certain other records claiming that these records enjoyed work-product protection. Subsequently, the law firm prepared and served a privilege log [84] specifying the documents withheld. The government challenged the law firm's assertion of work-product protection and, following a good faith effort to resolve the impasse, the instant motion ensued. After considering the parties' submissions, the court reviewed the disputed documents[1] *in camera* and conducted a telephonic hearing on April 11, 2008, to clarify the positions of the parties.

A brief description of this matter places the issues in perspective. This action was brought by the plaintiffs pursuant to Section 6226(a) of the Internal Revenue Code of 1986, to contest the Internal Revenue Service's findings in the Notice of Final Partnership Administrative

---

[1]The documents reviewed *in camera* are listed on the Amended Privilege Log [102-2] produced by the law firm.

1

Adjustment dated April 14, 2006, and to obtain a refund of their $100,000 deposit with the government.

Prior to entering into the transactions or investments at issue, plaintiffs sought the advice and counsel of the law firm, among others. The documents at issue were created during this planning and exploratory process as well as subsequent to the transactions or investments.

It is important to note that the applicability of the attorney-client privilege is not at issue here. Plaintiffs have clearly indicated that they desire to waive the attorney-client privilege in this matter and have so noted in their submissions. *See* Response [100] at 2.

Having reviewed the records and the applicable law, the court finds that certain records or documents can be fairly characterized as attorney work-product and should be protected from disclosure. Conversely, other documents at issue do not enjoy such protection and should be produced. Accordingly, the motion will be granted in part and denied in part as set forth herein.

The party asserting the privilege bears the burden of proving that the information requested is privileged. *See In re Sante Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001); *King v. Odeco, Inc.*, 106 F.3d 396, 1997 WL 33367, at *2 (5th Cir. Jan. 8, 1997); *United States v. Harrelson*, 754 F.2d 1153, 1157 (5th Cir. 1985). Moreover, the work-product doctrine does not apply to documents prepared in the ordinary course of business. *See U.S. v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982).

In order for a document to be protected by the work-product doctrine, "litigation need not necessarily be imminent . . . as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981); *see also Kaiser Aluminum and Chem. Co. v. U.S. Dep't of Labor*, 214 F.3d 586,

593 (5th Cir. 2000) (holding that the district court correctly followed Fifth Circuit precedent in applying the "primary purpose" test to determine whether the work product privilege applied); *United Investors Life Ins. Co. v. Nationwide Life Ins. Co.*, 233 F.R.D. 483, 488 (N.D. Miss. 2006) (stating that the Fifth Circuit applies the "primary motivating purpose" test set forth in *Davis* to determine whether a document is protected by the work-product doctrine). While a party may assert the work-product privilege in response to an IRS summons, the privilege does not apply to documents prepared as "a means to a business end" rather than in anticipation of litigation. *See El Paso Co.*, 682 F.2d at 542-43.

Moreover, waiver of the attorney-client privilege does not necessarily result in a waiver of the work-product privilege. Unlike the attorney-client privilege, "the work-product privilege belongs to both the client and the attorney, either one of whom may assert it." *In re Grand Jury Proceedings*, 43 F.3d 966, 972 (5th Cir. 1994). Accordingly, "a waiver by the client of the work-product privilege will not deprive the attorney of his own work product privilege, and vice versa." *In re Grand Jury Proceedings*, 43 F.3d at 972. The court finds that the law firm has not waived the work-product privilege, as asserted by the government.

With respect to the specific documents at issue the court makes the following findings and conclusions:

Documents Bates stamped BDBC-PRIVILEGED 00001 - 23, and 38 - 43 should be produced. These documents primarily reflect business or investment planning and evaluation or disclosure. The primary purpose for the creating the documents was not to aid in future litigation or in anticipation of litigation. *See supra*, *El Paso Co.*, 682 F.2d at 542-43. Indeed, many of the documents were apparently prepared before the decision was made to make the investments at

issue. While some of these documents might be subject to the attorney-client privilege, that privilege is not at issue. Moreover, at least one of the documents in this group, BDBC-PRIVILEGED 00008, is undated and it is not clear when the document was prepared. The court finds that the law firm has failed to meet its burden with respect to this document. *See In re Sante Fe Int'l Corp.*, 272 F.3d at 710 (holding that the party asserting the privilege bears the burden of proving that the information requested is privileged).

Documents Bates stamped BDBC-PRIVILEGED 00024 - 27, 33 - 37, 56 - 68, and 119 were prepared in anticipation of litigation and need not be produced. These documents relate to responding to legal process and involve the attorneys' mental impressions and strategies.

Documents Bates stamped BDBC-PRIVILEGED 00045 - 55 are not work-product and should be produced. Documents 45, 46, and 55 are cover pages which reveal nothing. The letters (47 - 48, 53 - 54) of KPMG are clearly not attorney work-product, nor is the attached IRS announcement (49 - 52).

Documents Bates stamped BDBC-PRIVILEGED 00069 through 72, and 82 - 115 should be produced. The primary purpose for the creation of these documents appears to be evaluation and business planning or disclosure and not in anticipation of or to aid in future litigation. In particular, documents 84 through 115 are merely copies of government regulations which are public records. While the court concludes that the documents to which these regulations are attached are not protected work-product, they nevertheless would not be entitled to protection by virtue of their attachment to a protected document. *See Evergreen Trading, LLC v. United States*, 80 Fed. Cl. 122, 138 (Fed. Cl. 2007); *In re Gabapentin Patent Litigation*, 214 F.R.D. 178, 187 (D. N.J. 2003) ("[S]tapling one privileged document to a non-privileged document does

not cloak the non-privileged material with protection from discovery.").

IT IS, THEREFORE, ORDERED that the Motion [95] is granted in part and denied in part as set forth herein. All records ordered produced shall be produced withing ten (10) days of the date of this order.

SO ORDERED on April 30, 2008.

s/ Michael T. Parker  
United States Magistrate Judge
