## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**NEVADA PARTNERS FUND, LLC**                                                  **PLAINTIFF**

**VS.**                                                            **CIVIL ACTION NO. 3:06cv379-HTW-MTP**
                                                                                                  **(and ten consolidated cases)**

**UNITED STATES OF AMERICA**                                                **DEFENDANT**

## ORDER ON MOTION FOR SANCTIONS

THIS MATTER is before the court on the Motion for Sanctions [175] filed by the Plaintiffs. The court having considered the submissions of the parties and the applicable law, finds that the Motion [175] should be DENIED.

In their motion, Plaintiffs claim they are entitled to sanctions against the Defendant for failing to participate in the pretrial mediation conference in good faith. Specifically, Plaintiffs allege that they spent an enormous amount of time and resources preparing for the mediation, and the Defendant refused to deviate from the standard full concession settlement position Mr. Williams had previously rejected.

The Defendant maintains that it has made its position clear from the beginning that it would be difficult to reach a settlement agreement more generous than that previously offered to Mr. Williams. However, Defendant submits it participated in the mediation in good faith. Ms. Deborah Meland, the Chief of the Office of Review for the Tax Division, who had no prior involvement with this case prior to preparing for the mediation, participated in the mediation, in addition to Defendant's attorneys and representatives with settlement authority and full knowledge of the case. Defendant maintains its authority was not limited to its settlement offer previously rejected by Mr. Williams.

This court has broad discretion to exercise its inherent sanctioning powers. *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993). However, "[i]n order to impose sanctions against [a party or its attorneys] under its inherent power, a court must make a specific finding that [they] acted in 'bad faith'." *Dawson v. United States*, 68 F.3d 886, 895 (5th Cir. 1995) (quoting *Chaves v. M/V Medina Star,* 47 F.3d 153, 156 (5th Cir.1995)); *see also In re Yorkshire, LLC*, 540 F.3d 328, 332 (5th Cir. 2008). Moreover, this court recognizes that "there is no meaningful difference between coercion of an offer and coercion of a settlement: if a party is forced to make a settlement offer because of the threat of sanctions, and the offer is accepted, a settlement has been achieved through coercion." *Dawson*, 68 F.3d at 897.

Based on the record before the court, the undersigned cannot conclude that Defendant or its representatives acted in bad faith. The court recognizes the Defendant's position that it was somewhat limited by the settlement offers made to plaintiffs in similar cases, but finds that the Defendant prepared for and participated in the mediation in good faith. *See* Exs. A, C, and D to Defendant's Response [178-4].

All parties expended time, effort, and resources in preparing for and attending the mediation. Regretfully, the case did not settle. However, sanctions will not be imposed against any party.

IT IS, THEREFORE, ORDERED:

That Plaintiffs' Motion for Sanctions [175] is DENIED. Likewise, the Defendant's [178] demand for an award of its costs and expenses in opposing the motion is denied.

SO ORDERED this the 16th day of January, 2009.

s/ Michael T. Parker
United States Magistrate Judge

2